UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-81489-Singhal/McCabe

JAMES FISHER,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court on an Order of Referral from United States District Judge Raag Singhal (DE 6) to review a decision of the Commissioner of Social Security ("Commissioner") denying the applications of Plaintiff James Fisher for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. Plaintiff presents one issue for review, i.e., whether the Administrative Law Judge ("ALJ") failed to properly evaluate the opinion of Brenda Garma, Ph.D., LMHC. After careful consideration of the administrative record and the parties' briefs, the undersigned **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**.

**I.    BACKGROUND**

Plaintiff filed an application for DIB on May 19, 2020 and an application for SSI on January 9, 2021, both with a claimed disability onset date of January 15, 2018 (R. 31, 19,223, 224-230).[1] After the applications were denied at the lower levels, Plaintiff requested an administrative hearing, which took place on January 20, 2022 (R. 51-63, 66-85, 86-105, 149, 552-574).

---

[1] The record on appeal is located at docket entry 17 and 18-1.

Following the hearing, the ALJ issued an unfavorable decision (R. 31-44).

The ALJ's decision analyzed Plaintiff's case following the five-step process set forth in 20 C.F.R. §§ 404.1520(a)(4)(i-v) and 416.920(a)(4)(i-v). *See Santos v. Soc. Sec. Admin., Comm'r*, 731 F. App'x 848, 852 (11th Cir. 2018) (explaining how the ALJ engages in the five-step process). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 15, 2018 (R. 34). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: depression, personality disorder, eating disorder, and body dysmorphia (R. 34).

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. 35). Next, the ALJ found that Plaintiff had the residual functional capacity or "RFC" to perform a full range of work at all exertional levels but with the following non-exertional limitations:

- Plaintiff can perform simple, routine, rote and repetitive work;
- Plaintiff can occasionally interact with coworkers, the general public and supervisors;
- Plaintiff can adapt to occasional changes in routine, predictable and gradual workplace changes independently;
- Plaintiff must avoid traveling to two or more different worksite locations to perform tasks.

(R. 36-42).

At step four, the ALJ found that Plaintiff could not perform his past relevant work, as generally and actually performed, as a dining room attendant and program aide (R. 43). At step five, the ALJ found that other jobs exist in significant numbers in the national economy that Plaintiff can still perform, considering his age, education, work experience, and RFC (R. 43-44).

Specifically, the ALJ found Plaintiff can still perform the duties of laundry worker, hospital cleaner, and landscape laborer (R. 44). As a result, the ALJ found Plaintiff not disabled (R. 44).

On July 22, 2022, the Appeals Council denied Plaintiff's request for review (R. 2-7). This appeal followed pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (cleaned up). A reviewing court must regard the Commissioner's findings of fact as conclusive so long as they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence is … more than a scintilla … and it must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

A reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (cleaned up). So long as substantial evidence supports the Commissioner's decision, and the Commissioner followed proper legal standards, this Court must affirm, even if the Court would have reached a contrary result as finder of fact, and even if the Court finds that the evidence preponderates against the Commissioner's decision. *See Winschel*, 631 F.3d at 1178; *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014); *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).

**III.     DISCUSSION**

Plaintiff argues this case must be reversed because the ALJ failed to properly evaluate medical opinion evidence from Brenda Garma, Ph.D., LMHC (DE 24 at 5-20).[2] Dr. Garma offered three opinions dated, respectively, in June 2020, October 2021, and January 2022 (R. 426-33, 498-501, 551). Dr. Garma opined, inter alia, that Plaintiff suffered from severe depression (R. 426, 498), that that he had a WHODAS 2.0 rating of "complete difficulty," meaning his problems were present more than 95% of the time (R. 426, 498), that he was "unable to adhere to most activities that involve social commitments," that he showed "an inability to interact with people," and that he consistently showed "an inability to stay focused and to complete tasks" (R. 428, 500). The ALJ found Dr. Garma's opinions only "partially persuasive," noting they were not fully consistent with, or supported by, the record (R. 39-41). As set forth below, the Court finds no error in the ALJ's conclusion.

SSA regulations required the ALJ to "evaluate every medical opinion received and assign weight to each opinion." *Robinson v. Acting Comm'r of Soc. Sec.*, 766 Fed. Appx. 811, 814 (11th Cir. 2019); *see* 20 C.F.R. §§ 404.1527(c), 416.927(c). SSA regulations also required the ALJ to consider multiple factors when weighing medical opinions, including the "consistency" and "supportability" factors. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c).

To the extent Plaintiff argues the ALJ failed to follow proper legal standards by failing to address the "consistency" and "supportability" factors, the Court disagrees. ALJs must state the

---

[2] Plaintiff's brief also argues that the ALJ failed to "adequately assess the State agency psychologists' opinions in the context of assessing [Dr. Garma's] opinions" (DE 24 at 9). Plaintiff fails, however, to explain this argument further. As such, the Court will not address it. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

4

grounds for their decisions with sufficient clarity to enable a meaningful review. *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984). The ALJ satisfied that standard here by setting forth a lengthy written discussion of Dr. Garma's opinions, with specific examples of lack of consistency with other evidence and lack of supportability in the record (R. 39-41). The Court finds the ALJ's explanation sufficient to enable a meaningful review. The Court therefore finds no error in failing to follow proper legal standards.

To the extent Plaintiff argues the ALJ's decision to discount Dr. Garma's opinions lacked record support, the Court again disagrees. Substantial evidence supported the ALJ's decision, including the following:

- During Plaintiff's July 2020 psychological consultative examination, Plaintiff reported he could cook, clean, drive, shop for groceries, bathe, dress himself, and groom himself independently (R. 39, 437). The examiner noted that Plaintiff had normal speech, logical and goal directed thought processes, and average attention, concentration, short-term memory, fund of information, and abstract reasoning (R. 39, 437-38). The examiner found that Plaintiff had an average ability to do calculations and performed within average limits on all five short assessments (R. 39, 438).

- During Plaintiff's June 2021 new patient mental health examination, Plaintiff did not have much anxiety, engaged socially with a friend, and was considering switching real estate offices from Palm Beach Garden to Jupiter (R. 38, 509). Plaintiff indicated he was still training with his prior real estate company but had not started working as a real estate agent (R. 38, 509-10). Plaintiff then indicated he had not been going to therapy but that he was working on being less rigid and more adaptable (R. 39, 514).

- Plaintiff testified that he worked as his parents' real estate agent, selling their home and purchasing new homes for them (R. 35, 558-59). He testified that he has "successful" days and "unsuccessful" days (R. 567). On a successful day, he gets out of bed at a reasonable time, prepares food, walks the family dog, and speaks to family or a friend on the telephone (R. 37, 567-68).

- Plaintiff did not have a recent history of psychiatric hospitalization (R. 36).

Plaintiff takes particular issue with the ALJ's finding that Dr. Garma's opinions lacked support in the treatment records (DE 24 at 10-14, R. 39-40). In particular, Dr. Garma reported "severe" depression based on the result of Plaintiff's PHQ-9 score, and "complete difficulty" based on the result of Plaintiff's WHODAS 2.0 score (R. 426, 498). The ALJ discounted these results and Dr. Garma's opinions, noting that the PHQ-9 score comes from "a brief self-administered questionnaire that takes 3 minutes to complete," and that the WHODAS 2.0 assessment "is not significantly useful because it is a screening tool and does not provide a longitudinal analysis of the limitation in a vocational setting" (R. 40).

Plaintiff argues the ALJ's analysis ignored the remainder of Dr. Garma's lengthy evaluations. The Court disagrees. The ALJ reviewed the totality of Dr. Garma's evaluations, not merely the PHQ-9 and WHODAS 2.0 scores, and the ALJ found Dr. Garma's evaluations to be "useful" (R. 41). The ALJ agreed that Plaintiff's past relevant work had been inappropriate and clearly beyond Plaintiff's abilities (R. 40-42). The ALJ disagreed, however, that Plaintiff had limitations so severe as to prevent all other work (R. 40-42). To the contrary, the ALJ concluded that other jobs exist in significant numbers in the national economy that Plaintiff can still perform, considering his age, education, work experience, and RFC (R. 43-44). The Court finds this conclusion to be supported by substantial evidence.

To be sure, Plaintiff has pointed the Court to a variety of other record evidence that the ALJ might have used to reach a different conclusion as to Dr. Garma's opinions and the RFC. On review, however, the role of this Court is not to reweigh conflicting evidence or substitute its judgment for that of the ALJ. *See Mitchell*, 771 F.3d at 782. The mere fact that some of the evidence conflicted with the ALJ's conclusion does not serve as a basis for remand. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) ("To the extent that [Plaintiff] points to other

evidence which would undermine the ALJ's RFC determination, [Plaintiff's] contentions misinterpret the narrowly circumscribed nature of our appellate review, which precludes us from re-weighing the evidence or substituting our judgment for that of the Commissioner even if the evidence preponderates against the decision.") (cleaned up).

IV. **RECOMMENDATION & NOTICE OF RIGHT TO OBJECT**

For the reasons set forth above, the undersigned **RECOMMENDS** as follows:

1. Consistent with the Court's ruling, Plaintiff's Motion for Summary Judgment (DE 24) be **DENIED**, and the Commissioner's Motion for Summary Judgment (DE 31) be **GRANTED**.
2. The Commissioner's final decision be **AFFIRMED.**
3. Final judgment be entered in Defendant's favor.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Raag Singhal. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 2nd day of June 2023.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE